956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Andy SMITH, Defendant-Appellant.
 No. 91-5600.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 7, 1992.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, District Judge. (CR-91-4-C-CR)
 J. Douglas Hill, Charlotte, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Carl Horn, Chief Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, WILKINS and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Andy Smith appeals his conviction and sentence for bank robbery under 18 U.S.C. § 2113(a) (1988). He argues on appeal that (1) in-court identifications by two bank tellers who observed the robbery were erroneously admitted, and (2) the trial court erred in enhancing his sentence for obstruction of justice under United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1991). We affirm Smith's conviction, but vacate his sentence and remand for resentencing.
 
 I.
 
 2
 Smith entered a branch of the First Union National Bank in Gastonia, North Carolina, in the late afternoon of May 25, 1990, approached bank teller Mary Russell with his right hand concealed in his pocket, and threatened to shoot her if she did not give him money. Russell complied after Smith's third request by handing him $787, including five "bait bills" with prerecorded serial numbers. Smith then placed the money in his coat pocket and exited. The incident was also observed by bank teller Doris Reid, who was stationed next to Russell, and by a bank customer.
 
 
 3
 Russell, Reid, and other witnesses provided the police with descriptions of the robber immediately after the incident. Russell stated that the robber was an intoxicated black male, approximately fifty years old and 5'6" tall, with wiry, somewhat gray hair. She estimated his weight to be 160-165 pounds and noted that he had a rough complexion, wide nose, and no facial hair. She stated that he was wearing a dark baseball cap and a mustard-colored sweater covering a darker sweater and shirt underneath. Russell's description was consistent with the descriptions provided by the other eyewitnesses, with the exception of the bank customer's statement that the robber's jacket was navy blue rather than mustard-colored, and Russell's failure to mention the fact that the robber was wearing sunglasses, as noted by Reid.
 
 
 4
 Approximately four hours after the robbery, cab driver Carl Goodson picked Smith up two blocks from the bank in response to a call for taxi service. When Smith refused to tell Goodson where he wanted to go and refused to pay his cab fare, Goodson stopped the cab next to a police cruiser driven by Officer Barry Crisp and asked Smith to get out of the cab. Smith responded angrily by saying "I robbed a bank today and I'm going to rob you." Goodson then got out of the cab and reported Smith's nonpayment and admission to the bank robbery to Crisp, whereupon Crisp arrested Smith for hiring with intent to defraud a cab after Smith again refused to pay his fee. A search of Smith incident to that arrest led to the discovery of $316 in cash in his pocket. Crisp then radioed Detective James Prather for assistance. Prather arrived on the scene shortly thereafter with a list of serial numbers for the bank's bait bills and the two discovered that Smith had been in possession of three of the five bait bills at the time of his arrest. Smith was later indicted for bank robbery under § 2113(a).
 
 
 5
 At trial, Russell, Reid, Goodson, Crisp, and Prather testified for the government and provided in-court identifications of Smith. Russell and Reid had also readily identified Smith during a photographic lineup presented by Prather four days after the robbery and two days after Smith's picture was printed in the local newspaper. Both Russell and Reid admitted at trial that they had seen the newspaper photograph before viewing the photographic lineup. Smith also testified at trial, denying guilt and offering his own version of events on the day in question, even though he admitted being too intoxicated at the time to clearly recall the cab ride. Government witnesses similarly noted Smith's intoxicated state at the time of his arrest. The jury returned a verdict of guilty.
 
 
 6
 At the subsequent sentencing hearing, the court assigned Smith a basic offense level of 24 after giving him a two-point enhancement under U.S.S.G. § 3C1.1 for committing perjury on the witness stand. Smith was then placed in a criminal history category of V and sentenced to 108 months of confinement.
 
 II.
 
 7
 Smith first challenges his conviction, arguing that the in-court identifications provided by Russell and Reid were impermissibly tainted by their earlier exposure to the newspaper photograph of Smith even before the photographic lineup. Smith further questions Russell's ability to correctly identify him as the robber, given her admission that she was extremely frightened and upset at the time of the robbery. Because Smith failed to question the admissibility of the incourt identifications at trial, we apply the "plain error" standard on review. Fed.R.Crim.P. 52(b); United States v. Young, 470 U.S. 1, 14-15 (1985).
 
 
 8
 We find that the challenged in-court identifications were admissible under the "independent basis" test of United States v. Wade, 388 U.S. 218 (1967). In this case, both Russell and Reid provided the police with detailed descriptions of the robber minutes after the robbery occurred. Their descriptions were based on observations made at a distance of no more than six feet from the robber. Those descriptions were not shown to deviate from Smith's actual appearance, nor does Smith argue that the descriptions were inaccurate, except to point out those minor inconsistencies noted above. We find that these on-site descriptions provide an independent basis for Russell and Reid's in-court identifications. The intervening exposure to a newspaper photograph of Smith does not mandate a new trial.
 
 
 9
 Even if these in-court identifications were deemed inadmissible, their admission by the trial court was harmless beyond a reasonable doubt on these facts, where other evidence of Smith's guilt was overwhelming. Id. at 242. Goodson, Prather, and Crisp also provided incourt identifications which Smith does not challenge, Smith admitted that he robbed a bank in his conversation with Goodson, and Smith was in possession of three of the five bait bills only four hours after the robbery. This, in addition to the on-site descriptions of the robber, was more than sufficient evidence to support Smith's conviction.
 
 III.
 
 10
 Smith also challenges the district court's two-point enhancement under U.S.S.G. § 3C1.1 for obstructing justice by giving perjured trial testimony. This challenge is well-taken. We held in United States v. Dunnigan, 944 F.2d 178 (4th Cir.1991), that U.S.S.G. § 3C1.1 could not be used to enhance a defendant's sentence simply because the defendant chose to take the stand and deny guilt, because such an application of the enhancement provision would "intolerabl[y] burden" a defendant's right to testify on his own behalf. Id. at 185. We see no basis for distinguishing Dunnigan on these facts. We therefore vacate the sentence and remand for resentencing consistent with Dunnigan. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.